UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-mc-23851-EGT

IN THE MATTER OF THE EXTRADITION
OF ROBERTO GUILLERMO BRAVO
_____/

**BRAVO'S RESPONSE TO GOVERNMENT'S
NOTICE OF OTHER AUTHORITY**

**ROBERTO GUILLERMO BRAVO**, through his undersigned counsel, respectfully responds to the Government's Notice of Other Authority and states:

The "Other Authority" to which the Government refers is a civil case, *Camps, et. al. v. Bravo,* Case No. 20-cv-24294-KMM (S.D. FL) brought by relatives of certain prisoners who were involved in the August 1972 events in Trelew.

The Government acknowledges that "the civil case is entirely separate from the extradition case."[1] Not only is the civil case entirely separate, it is still in process with significant post-trial proceedings still pending.[2]

Moreover, because of pre-trial rulings in the civil case, there are significant factual differences between the extradition proceedings and the civil case.[3]

---

[1] See DE 43, p. 2.

[2] *See* CVDE 162, *Defendant's Renewed Motion For Judgment As A Matter Of Law Or, Alternatively, Motion For New Trial,* filed on July 29, 2022. *See also* CVDE 159, *Joint Motion To Exceed The Page Limit For Post-Trial Motions And Briefing And To Set Post-Trial Briefing Deadlines,* filed on July 27, 2022.

[3] *See,* e.g., CVDE 107, *Order on Evidentiary Issues,* filed on June 17, 2022.

## **POLITICAL OFFENSE EXCEPTION**

The civil case does not deal in any way with a critical – and we believe, dispositive – extradition issue, that the Argentine charges against Mr. Bravo constituted a political offense. *See* Bravo I, DE 62, p. 20.[4] Article 4 of the Extradition Treaty, "Political and Military Offenses," provides in Section 1 that "Extradition shall not be granted if the offense for which extradition is requested is a political offense."

In both the Memorandum in Opposition to Extradition (DE 34) and the Post-Hearing Memorandum In Opposition To Extradition (DE 38) which we filed in the instant case, we discussed in detail the facts and law which called for a finding that the political offense exception to extradition applies in this case and bars the extradition of Mr. Bravo.

We also discussed in detail that, while the initial burden of proof is on Mr. Bravo to establish the essential elements of the political offense exception, once established, the burden shifts to the Government to prove the crime charged in the Complaint was not of a political character, and they had failed to carry their burden.

## **SUBSEQUENT INVESTIGATION AND ACQUITTAL**

In the civil trial, Mr. Bravo was not permitted to raise or argue that he had been acquitted in a full military investigation.[5] However, the military investigation which cleared Mr. Bravo was conducted by a military Judge, reviewed by high ranking military

---

[4] To avoid confusion, we shall refer to the 2010 extradition case as Bravo I, and to this case as "the instant case" or Bravo II.

[5] *See* Order, CVDE 107 at p. 17.

officials, and discussed in a Report by the General Auditor of the Armed Forces which concluded that there was "no convincing evidence, not even circumstantial evidence, which would allow criminal charges to be brought against the personnel who intervened in the suppression in order to prevent the escape and PUJADAS' rash behavior." *See* Report of the General Auditor of the Armed Forces, p. 4.

In the civil case, we were also prohibited from introducing evidence from the General Auditor Report that the allegations made by the survivors – "that they had tried to kill them after the shootout had ended" – were completely disproved by the testimony of the medical and ballistic experts which "demonstrate their falseness" and that the military officers had "limited [their actions] to comply with their obligation of guarding these extremely dangerous subjects, acting appropriately." *Id*.

## DUE PROCESS FOR MR. BRAVO

In our original Memorandum, we argued that the Government's extradition second request raises serious due process issues regarding whether this very belated attempt to prosecute Mr. Bravo for events that occurred almost 50 years ago, with no live witnesses or meaningful opportunity to mount a defense, for vengeance rather than justice, should be allowed.

## CONCLUSION

Since the civil case has not yet been resolved and may change in important ways, we maintain that little, if any weight, should be given to it at this point in time. Rather, we urge that greater weight be awarded to the other issues raised herein and to the arguments advanced in our prior pleadings.

Respectfully submitted,

**NEAL R. SONNETT, P.A**.
Attorneys for Roberto Guillermo Bravo
1581 Brickell Avenue, Suite 1804
Miami, Florida  33129-1240
Telephone:   305-358-2000
Fax:              888-277-0333
Email:                    nrslaw@sonnett.com


By  /s/  Neal R. Sonnett
  **NEAL R. SONNETT**
  Florida Bar No. 105986


**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2022, I electronically filed the foregoing document with the Clerk of the Court and all counsel of record using CM/ECF.


By: /s/ Neal R. Sonnett
  **NEAL R. SONNETT**